UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-237 (NEB)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **GOVERNMENT'S POSITION** |
| v. | ) | **REGARDING SENTENCING** |
| | ) | |
| BEKAM ADDISSU MERDASSA, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America, by and through its attorneys, Daniel N. Rosen, United States Attorney for the District of Minnesota, and Matthew C. Murphy and Rebecca E. Kline, Assistant United States Attorneys, submits the following sentencing memorandum and respectfully requests that the Court impose a sentence of 24 months in prison.

In January 2021, Defendant Bekam Merdassa and his co-conspirators enrolled a non-profit entity called Youth Inventors Lab in the Federal Child Nutrition Program under the sponsorship of Feeding Our Future. Youth Inventors Lab purportedly operated a food distribution site located at 2434 University Avenue, in West St. Paul.

Immediately after enrolling Youth Inventors Lab in the Federal Child Nutrition Program, Merdassa and his co-conspirators began submitting fraudulent reimbursement claims purporting to have served meals to thousands of children every day. To substantiate those fraudulent claims, Merdassa and his co-conspirators submitted fake invoices from S&S Catering purporting to document the purchase of

large volumes of prepared hot meals. In reality, Youth Inventors Lab did not purchase any food from S&S Catering.

In a period of just seven months, from December 2020 through June 2021, Merdassa and his co-conspirators claimed to have served approximately 1.5 million meals at the Youth Inventors Lab site, for which Youth Inventors Lab fraudulently received $3,029,786 in Federal Child Nutrition Program funds. Merdassa kept $343,086, or approximately 10 percent of the funds Youth Inventors Lab received from Feeding Our Future. He transferred the remainder to others involved in the fraudulent scheme, including his coconspirators.

Merdassa was charged by Information on September 19, 2022, with conspiracy to commit wire fraud. He pleaded guilty to conspiracy to commit wire fraud approximately one month later, on October 13, 2022.

## SENTENCING RECOMMENDATION

In *Gall v. United States*, the Supreme Court set forth the appropriate sentencing methodology. 552 U.S. 38, 49–50 (2007). The district court should first calculate the advisory Sentencing Guidelines range. *Id*. at 49. After calculating a defendant's advisory Sentencing Guidelines range and hearing from the parties, the district court must then consider the sentencing factors set forth in 18 U.S.C. § 3553(a) and make an individualized assessment based on the facts in arriving at an appropriate sentence. *Id*. at 49–50; *see also United States v. Ruvalcava-Perez*, 561 F.3d 883, 886 (8th Cir. 2009) ("In sentencing a defendant, the district court should first determine the appropriate Guidelines range, then evaluate whether a

traditional departure is warranted, and finally decide whether or not to impose a guideline sentence after considering all the § 3553(a) sentencing factors.").

## A.    Sentencing Guidelines Range

The base offense level is 6 pursuant to Guidelines §§ 2X1.1(a) and 2B1.1(a)(2). (PSR ¶ 42.) The base offense level is increased by 16 levels pursuant to Guidelines § 2B1.1(b)(1)(I) because the loss amount is greater than $1.5 million but less than $3.5 million. (PSR ¶ 43.) The offense level is increased by another 2 levels pursuant to Guidelines § 2B1,1(b)(9)(A) because the defendant misrepresented that he was acting on behalf of a charitable organization. (PSR ¶ 44.) The government objects to the PSR's inclusion of a 2-level increase pursuant to Guidelines § 2B1.1(b)(12) because that specific offense characteristic was not contemplated by the parties in the plea agreement.

Because the defendant was a minor participant in the scheme, the offense level is decreased by 2 levels pursuant to Guidelines § 3B1.2(b). (PSR ¶ 60.) The total adjusted offense level is decreased another 3 levels pursuant to Guidelines § 3E1.1(a) and (b) because the defendant accepted responsibility in a timely manner. (PSR ¶¶ 64, 65.) Finally, the defendant is entitled to a 2-level reduction because he meets the zero-point offender criteria set forth in Guidelines § 4C1.1(a). (PSR ¶ 73.) The defendant falls into Criminal History Category I. (PSR ¶ 91.) With a total adjusted offense level of 17, and Criminal History Category I, the defendant's advisory Guidelines range is 24-30 months in prison.

**B.    Section 3553(a) Sentencing Factors**

Section 3553(a) requires the Court to analyze several factors, including "the nature and circumstances of the offense," "the history and characteristics of the defendant," "the need for the sentence to reflect the seriousness of the offense," "the need for deterrence," "the need to protect the public from further crimes of the defendant," and "the need to avoid unwarranted disparities." 18 U.S.C. § 3553(a).

**1.    Nature and Circumstances of the Offense**

Merdassa participated in one of the largest fraud schemes in the history of the District of Minnesota, and the single largest Covid-19 fraud scheme in the country. He took money intended to feed children who no longer could get regular, nutritious meals at school, and used it to enhance his lifestyle. He knew he was not entitled to the money and that it was obtained by lying to the government about the number of children he allegedly served at a non-existent meal site. Simply put, he took advantage of a once-in-a-century global pandemic and the generosity of American taxpayers to enrich himself.

**2.    History and Characteristics of the Defendant**

Merdassa was born in Ethiopia in 1982 and was raised along with his five siblings by his affluent parents. His mother was granted asylum in the United States, and he moved here with her in 2000. He obtained a bachelor's degree in mechanical engineering from the University of Minnesota in 2007. He went on to obtain a master's degree in engineering management from the University of Minnesota-Duluth in 2016 and a master's degree in patent law from the University of Minnesota

in 2018. He worked as an aerospace engineer from 2018 through 2022. Following his conviction in this case, Merdassa struggled to find work as an aerospace engineer and so relocated to Ethiopia, where he worked in agricultural businesses. Merdassa has one son, aged 19, who lives with his mother in Minnesota.

3.    **Deterrence, Respect for the Law, Just Punishment, and Protecting the Public**

The Court must also consider the need for the sentence to afford adequate deterrence, promote respect for the law, provide just punishment, and protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a).

Merdassa's crime must be viewed in context of the rampant fraud that has plagued Minnesota in recent years. Unprecedented levels of fraud perpetrated on public benefits programs in Minnesota have eroded trust in the government and raised questions about the sustainability of those programs. Too many people, Merdassa included, participate in this kind of fraud because, as they see it, everyone else is doing it. This cynical view must be stopped. It has undermined and endangered important government programs as well as legitimate nonprofit organizations that rely on donations to carry out actual charitable work.

On the other hand, Merdassa's conduct appears to be an aberration in an otherwise law-abiding life. He has no criminal history points and spent much of his adulthood improving himself through education, including obtaining a bachelor's and two master's degrees. Merdassa also immediately accepted responsibility for his conduct, pleading guilty and cooperating with the government during the early stages

5

of the Feeding Our Future investigations. His behavior is indicative of someone who is unlikely to recidivate.

### 4.    The Need to Avoid Unwanted Disparities

Finally, the Court must consider the need to avoid unwarranted disparities. 18 U.S.C. § 3553(a). A Guidelines sentence of 24-30 months is not unwarranted. It is entirely consistent with other sentences meted out in this and other federal districts for fraud offenses involving the same level of culpability and loss.

### CONCLUSION

For the reasons stated above, the government respectfully requests that the Court impose a sentence of 24 months in prison.

Respectfully Submitted,

Dated: March 23, 2026,              DANIEL N. ROSEN
                                    United States Attorney

                                     /s/ *Matthew C. Murphy*
                              BY:   MATTHEW C. MURPHY
                                    REBECCA E. KLINE
                                    Assistant U.S. Attorneys